Mr. Justice Johnson
delivered the opinion of the court.
The grounds which have been taken in support of the present motion, consist rather of a course of reasoning on the general principles of location, and do not state any distinct proposition which the Court are called upon to decide out of the general principles. It will be sufficient therefore, on the present occasion, to apply the general rules to this case, and to enquire whether they are at variance with the finding of the jüry.
The general rules are :
1st. That natural boundaries, 2d. Artificial marks, and-3d. Course and distance, should govern the location. Generally speaking the first ought to control every other, because it is the most permanent and certain; but I apprehend that a correct location consists in the application of any one or all of these rules to the particular case; and when they lead to contrary results, that must be adopted which is most consistent with the intention apparent on the face of the grant. Thus course and distance, the feeblest and most liable to error, will control natural marks oí boundaries, where it is apparent on the face of the grant that they are inserted by mistake, or laid down without regard to rule; as in the case of Bradford vs. Pitts, (2 Constitutional Rep. 115); or where they do not in fact exist, or are found at such a distance from the other marks of location as to render it unreasonable to presume them ; and so of a variety of other cases, which may be imagined, and are found to exist.
A distinction I think too exists where a water-course *170 is called for as a boundary, and where it is represented as' running through the tract, as in this case. In the first case experience shews that they are laid down with more attention to rule, and in the latter case very many are found to be laid down by mere conjecture ; as was the case in Bradford vs. Pitts. And that such was the case in the present instance, is apparent from the following considerations :
Miller, for the motion.
W. F, De Saussure, contra.
1st. The plaintiff’s plat represents the tract as a square, and locating it in the manner now contended for, you get •the figure represented by lines B. C. E. G. extending the line B. F. to double its distance,
2d. The grant calls only for two hundred acres, and locating it in the square B. C„ E. F. there are 255 acres.
Sd. The lines never were run, except from the point A. to B. C. and D. So that it is apparent that the creek was laid down by conjecture. The, surveyor never saw it.— Upon what principle then is it contended that the line B. F. should be extended to G ? To preserve the creek as a natural mark, is the reply; and the same reason would justify extending it to the distance of five, ten, or an hundred miles ; and if marks or boundaries, evidently conjectural, are invariably to' be made the basis of location, as the strongest evidence, a confusion, the consequences of which cannot be foreseen, would be the result. I do not wish to be understood to say, that they ought to be disregarded; so far from it, I think they ought to be preserved,- and to control all others, when it is even probable they were regarded in the location. But I cannot consent that they should govern, when it is evident they have been laid down by mere conjecture, and without regard to principle or rule.
I am therefore of opinion that the present motion cannot prevail.
Justices Colcock, Gantt and Huger„ concurred,